IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IN RE: JIMMY C. WRIGHT, Debtor                                No. 6:08-bk-74863
                                                              Ch. 13

JIMMY C. WRIGHT                                               PLAINTIFF
v.                              6:09-ap-7016
CONNIE WRIGHT;
OCWEN LOAN SERVICING, LLC;
AMERICAN HOME MORTGAGE SERVICING, INC.;
AURORA LOAN SERVICES, LLC and
INTERNAL REVENUE SERVICE                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the Complaint of the debtor, Jimmy C. Wright, filed on January 30, 2009, in which he seeks to sell real property pursuant to 11 U.S.C. § 363(h) that is property of the estate. Connie Wright, the debtor's ex-spouse and co-owner of the subject property, filed her Response to the Complaint on February 10, 2009, objecting to the sale. With the exception of Aurora Loan Services, LLC, the other named defendants also responded to the Complaint to preserve their respective interests in the property, but are otherwise unaffected by this ruling. The Court held a trial on the merits on June 24, 2009, and at the conclusion of the trial took the matter under advisement. For the reasons stated below, the Court denies the debtor's complaint.

### Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(N). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact and Conclusions of Law

The subject property consists of three separate but contingent parcels of land located in

Little Rock, Arkansas, titled in the name of the debtor and Connie Wright. For identification, Parcel 1 is referred to as 18801 Highway 10 and is described in the Executor's Deed as containing two separate tracts of land. Parcel 1 is located to the west of the remaining parcels, and Tract 1 is to the north of Tract 2. Tract 2 was referred to in the trial as 19901 Highway 10. American Home Mortgage Servicing, Inc. has a mortgage on Tract 1 and has filed a Proof of Claim in the amount of $137,018.76; Tract 2 is unencumbered. Parcel 2 is referred to as 2 Maywood (also known as 25 Maywood) and is located to the east of Parcel 1/Tract 1 and to the north of Parcel 3. United Bank has a mortgage on Parcel 2, serviced by Aurora Loan Services, LLC, in the amount of $87,000.00. Parcel 3 is referred to as 14 Maywood and is located to the east of Parcel 1/Tract 2 and to the south of Parcel 2. American Home Mortgage has two mortgages on Parcel 3 and, through OCWEN Loan Servicing, has filed one Proof of Claim in the amount of $111,543.13 and another in the amount of $27,329.94. Hamra Real Estate, LLC [Hamra] has offered to buy all three parcels consisting of approximately 3.44 acres for $6.00 per square foot, or approximately $899,078.00.

The debtor is attempting to sell the subject property, which is owned jointly by himself and his ex-spouse, Connie Wright, under § 363(h), which states:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if--
> (1)   partition in kind of such property among the estate and such co-owners is impracticable;
> (2)   sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> (3)   the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> (4)   such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).[1]

The debtor has the burden of proving each of the elements listed in the numbered paragraphs within § 363(h). *Yoppolo v. Schwenker et al.* (*In re Ziegler*), 396 B.R. 1, 3 (Bankr. N.D. Ohio 2008). Additionally, the debtor must have an undivided interest in the subject property as a tenant in common, joint tenant, or tenant by the entirety under state law. The debtor introduced deeds to each of the three parcels that reflected title in the name of the debtor and Connie Wright, either as husband and wife or as a married couple. Under Arkansas law, this establishes ownership as tenants by the entirety. *McClain v. McClain*, 820 S.W.2d 295, 296 (Ark. Ct. App. 1991). The debtor and Connie Wright were divorced in 2005 subsequent to the transfer of the parcels to them and, as a result, became tenants in common. Ark. Code Ann. § 9-12-317(a) (Repl. 2008). Therefore, the debtor has an undivided interest in the property as a tenant in common and the Court will turn to the specific elements required for a sale of the property to take place.

---

[1] Although § 363(h) states that the *trustee* may sell property held by the estate and a co-owner, the debtor has the rights and powers of a trustee under § 363(b), (d), (e), (f), and (*l*), exclusive of the chapter 13 trustee. 11 U.S.C. § 1303. Because § 363(h) specifically incorporates subsection (b) by reference, the Court finds that the debtor can proceed under § 363(h). *See In re Belyea*, 253 B.R. 312, 314 (Bankr. D.N.H. 1999); *Rishel v. Rishel* (*In re Rishel*), 166 B.R. 276, 278 (Bankr. W.D. Pa. 1994); *Janoff v. Janoff*, 54 B.R. 741, 742 (Bankr. D.N.J. 1985); *but see Wrublik v. Wrublik* (*In re Wrublik*), 312 B.R. 284, 286-87 (Bankr. D. Md. 2004)(finding that because subsection (h) is not specifically mentioned in § 1303, it is not one of the rights and powers given to a chapter 13 debtor). The chapter 13 trustee was not a party to the complaint and did not object to the sale.

The debtor briefly argued that § 363(f) is also applicable. The Court disagrees with the debtor's assessment of subsection (f) based on the plain language of subsection (h). Subsection (f) allows the trustee--or the debtor in a chapter 13 case--to sell property free and clear of any interest in the property if certain conditions are met. However, subsection (h) restricts such a sale if the debtor had an undivided interest as a tenant in common, joint tenant, or tenant by the entirety at the commencement of the case. If the property is so held, the four numbered paragraphs that appear in subsection (h) are applicable, "notwithstanding subsection (f)."

3

**Partition**

The first element requires the debtor to prove that partition of the property between the estate and the co-owner is impracticable.  In analyzing this element, most courts find that when the property consists of a single family residence, partition is impracticable.  *See, e.g., Ziegler*, 396 B.R. at 4 (accepting the general proposition that there is no practicable manner of partition other than sale of single family residence); *Armstrong v. Trout* (*In re Trout*), 146 B.R. 823, 829 (Bankr. D.N.D. 1992)(finding no pragmatic method of partition for single family dwelling).  This case, however, does not consist solely of a single family residence, and neither of the parties live on the property.  The property is currently zoned R-2 (single family residence with minimum lot size of 7000 square feet), but Connie Wright has a conditional use permit that allows her to operate a commercial welding business on the property.

As described above, the deeds to the subject property recognize three separate parcels, one of which consists of two tracts.  Parcel 1, containing two separate tracts, totals approximately 1.57 acres; Parcels 2 and 3 combined total approximately 1.89 acres.  The debtor offered no evidence regarding the value of each parcel, or various combinations of the parcels.  Gerald Ryan Hamra, the managing partner of Hamra, testified that he would have to rezone the property before he could utilize it for commercial development.  According to John Burnett, a commercial realtor and developer who represents the Hamra family, because the property is located in an overlay district, Hamra would require a minimum of two acres for the proposed commercial development.  While the inability to rezone a portion of the property to allow for commercial development may render title to the partitioned property unmarketable *for this purchaser*, there is no evidence before the Court that partition of the property as it is currently zoned is impracticable.  As stated, there is no evidence as to the values of any of the identified parcels.  It may be that the parcels, in some combination, can be divided into two separate units of equal value.  In the absence of evidence to meet the debtor's burden of proving that partition is impracticable, the Court finds that the debtor has failed to meet his burden of proof regarding the first element.  Because all of the elements under § 363(h) must be met for

the Court to approve the sale, the debtor's complaint fails for not meeting the first element. However, the Court will address the remaining elements.

### Sale of the estate's undivided interest

The second element requires proof that a sale of the estate's undivided interest in the property would realize significantly less for the estate than a sale of the entire property free of the interests of the co-owner. Like the first element, courts have generally accepted that the sale of the estate's interest of a single family residence would generate substantially less "because of the chilling effect it has on prospective purchasers of the property, especially when the co-owner could continue to live on the property." *Trout*, 146 B.R. at 829; *Ziegler*, 396 B.R. at 4; *Maxwell v. Barounis* (*In re Swiontek*), 376 B.R. 851, 866 (Bankr. N.D. Ill. 2007). But the subject property consists of three parcels with a mix of residences, outbuildings, and other improvements, and neither party resides on the property. The debtor has the burden of making a prima facie case with regard to this element.

The debtor introduced testimony that Hamra would not be interested in the property unless it could acquire the entire property because it intends to have the property rezoned for commercial use. While that may be sufficient to establish minimal prima facie evidence that a sale of the estate's undivided interest in the property would realize significantly less for the estate than a sale of the entire property *for this purchaser*, the Court is not convinced the debtor has met his burden of proof on this element based on the evidence before the Court.

Again, there is no evidence of the value of each of the parcels or their respective worth as single family residential property--as the property is currently zoned--for comparison. The co-owner believes the property is under-valued and if sold as proposed by the debtor, would be sold at a great loss. Hypothetically, an investment group may be interested in co-tenancy with Connie Wright for a period of time to let the property appreciate, either for commercial or residential development. If so, sale of the estate's interest in the

5

property may realize an amount equivalent to what the estate would receive from a sale to the prospective purchaser.  Regardless, the debtor has the burden of proving that a sale of the estate's undivided interest in the property would realize significantly less for the estate than a sale of the entire property free of the interests of Connie Wright.  Without evidence to support the debtor's reduced realization in the light of the current zoning restrictions, the Court finds that the debtor has failed to meet his burden regarding the second element.

### Benefit outweighs detriment

The third element requires the debtor to prove that the benefit to the estate of a sale of the property free of the interests of Connie Wright outweighs the detriment, if any, to Connie Wright.  This determination is necessarily fact intensive.  *Trout*, 146 B.R. at 829.  For the estate, the primary concern is whether the estate will realize a significant dividend with the sale.  *Ziegler*, 396 B.R. at 4.  In this case, the unrebutted testimony indicates that all unsecured creditors will be paid in full if the sale is allowed to proceed.  Accordingly, the Court finds that the economic benefit to the estate has been established.

Weighed against the benefit to the estate is the detriment to Connie Wright if the sale were to proceed.  This requires a review of factors such as the reduction of the joint debt; payment of her claim in the bankruptcy case; the profit from the sale that she would receive, if any; the cost of relocating the welding business; and her forced acceptance of half of the net purchase price.  As stated above, the sale of the property would allow the debtor to pay all unsecured creditors in full.  This would necessarily include Connie Wright's claim in the debtor's case, to the extent it is an allowed claim.  The sale would also pay off the secured creditors whose claims are secured by the property and realize in excess of $500,000.00 equity in the property, half of which would be turned over to Connie Wright.  The debtor testified that approximately 90% of Connie Wright's current welding business is from repeat customers.  Thus, relocation may have only a minimal

6

...


effect on her customer base.[2]

Based on those factors, it appears that Connie Wright will benefit from the sale; however, the Court believes that forcing her to accept half of the net purchase price is a significant detriment to Connie Wright that outweighs the benefit she may receive. There has been appreciable development in this part of Little Rock, and the Court heard evidence of at least two previous offers for this property for an amount substantially more than the present offer.[3] The Court concludes that this property is worth substantially more than what is being offered. Burnett testified that the current offer was fair and stated that the offer was lower than previous offers because the market has been negatively impacted during the recent economic downturn. However, Burnett is Hamra's realtor and would benefit with a commission from the sale, indicating a strong interest in promoting this offer. Although the Court agrees with Burnett's assessment of the current economic climate and believes the market is presently worse for sellers, the Court is not satisfied that this property has lost value to the extent claimed by Burnett. Based on the current offer, the Court finds that the detriment to Connie Wright would outweigh the benefit to the estate.

### Production, transmission, or distribution of utilities

The fourth element, that the property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power is not an issue. The debtor stated during opening that the property was not used in this manner, and the co-owner did not rebut that fact. The Court finds that the fourth element has been satisfied and the property is not used for utility purposes.

---

[2] Some of the testimony related to the actions of and between the parties after their divorce. However, the Court does not find that such evidence weighed anymore in favor of either of the parties in proving whether the benefit to the estate outweighs the detriment to the co-owner.

[3] One of the previous offers was from Hamra, the proposed purchaser, for more than twice the present offer.

## Conclusion

For the reasons stated above, the Court finds that the debtor has failed to meet his burden of proof under § 363(h). Accordingly, the Court denies the debtor's complaint to sell the estate's and Connie Wright's interest in the subject property over the objection of Connie Wright.

IT IS SO ORDERED.

July 31, 2009
_____    _____
DATE                        BEN T. BARRY
                            UNITED STATES BANKRUPTCY JUDGE

cc:   Kevin P. Keech, attorney for the debtor
      James F. Dowden, attorney for Connie Wright
      Sharon N. Fewell, attorney for Ocwen Loan Servicing, LLC
      A. Delbert Mickel, Jr., attorney for American Home Mortgage Servicing, Inc.
      B. Jeffery Pence, attorney for American Home Mortgage Servicing, Inc.
      Claude Hawkins, attorney for the Internal Revenue Service
      Jack Gooding, chapter 13 trustee
      United States Trustee